UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AVA GORDON,

      Plaintiff,                              Hon. Hala Y. Jarbou

v.                                            Case No. 1:22-CV-133

ALLSTATE INSURANCE,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action February 15, 2022, against Allstate Insurance. (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper (ECF No. 4), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed.

## ANALYSIS

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

1

662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

Plaintiff initiated this action accusing Allstate of "slander and harassment." Specifically, Plaintiff asserts that Allstate falsely accused her of insurance fraud. While Plaintiff identified the legal basis for her claims, she failed to allege sufficient facts to establish that she would, assuming such facts were true, be entitled to relief. Accordingly, the Court directed Plaintiff to file an amended complaint detailing the *facts* which she asserts entitle her to relief. (ECF No. 6).

2

In response, Plaintiff submitted an amended complaint that fails to correct the deficiencies in her original complaint. Plaintiff alleges that she has experienced several adverse results arising from an incident or incidents involving her ex-husband more than twenty years ago. For example, Plaintiff alleges that she has suffered police harassment, been unable to open bank accounts, and narrowly avoided on two occasions being struck by vehicles driven by "hostile" business owners. While these are serious allegations, Plaintiff has failed to allege facts that demonstrate that Allstate bears any responsibility for these alleged actions. Stated differently, Plaintiff has failed to allege facts sufficient to demonstrate that she is entitled to relief against Defendant Allstate. Because Plaintiff has failed to allege facts that would, if proven, entitle her to relief, her complaint must be dismissed.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint be dismissed for failure to state a claim on which relief may be granted. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                          Respectfully submitted,

Date: March 23, 2022　　　　　　　　　/s/ Phillip J. Green　　　　　
　　　　　　　　　　　　　　　　　　PHILLIP J. GREEN
　　　　　　　　　　　　　　　　　　United States Magistrate Judge